IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00127-CV

 

Falls County Water
Control

and Improvement District No. 1,

                                                                      Appellant

 v.

 

Charles S. Haak and Wife, 

Lorena Haak,

                                                                      Appellees

 

 



From the 82nd District Court

Falls County, Texas

Trial Court No. 34,680

 



dissenting  Opinion










 

          The trial court attempted to grant a
request for attorney’s fees 202 days after it had signed a final judgment. 
During that period, it did not vacate or modify the final judgment.  The trial
court did not grant a new trial.  Because the trial court had no jurisdiction
to modify its final judgment by awarding attorney’s fees when it did, we should
vacate the trial court’s award of attorney’s fees.

Background

Falls County Water Control and Improvement District No. 1
filed a condemnation proceeding against property owned by Charles and Lorena
Haak.  For reasons that are irrelevant to this appeal, the Water District
amended its petition to increase the property interest it was going to take by
condemnation.  Due to the amendment, Haak sought dismissal and attorney’s
fees.  Tex. Prop. Code Ann. § 21.019(c)
(Vernon 2004).  The trial court granted the dismissal but did not award
attorney’s fees.

Timeline

Because the timeline of events from the signing
of the judgment to the notice of appeal is helpful to a full understanding of
the issues, we set out below the events, dates, and days from the date of the
order.


 
 
  
 
 
 Event Description
 
 
 Date
 
 
 Days
 
 
 
 
 1
 
 
 Order
 of Dismissal
 
 
 July 23, 2004
 
 
 0
 
 
 
 
 2
 
 
 Motion
 for Attorney’s Fees
 
 
 September 24, 2004
 
 
 63
 
 
 
 
 3
 
 
 Response
 to Motion for Fees
 
 
 October 14, 2004
 
 
 83
 
 
 
 
 4
 
 
 Motion
 to Enlarge Time
 
 
 October 27, 2004
 
 
 96
 
 
 
 
 5
 
 
 Amended
 Motion to Recover Fees
 
 
 October 27, 2004
 
 
 96
 
 
 
 
 6
 
 
 Letter
 from court-will grant enlargement
 
 
 October 29, 2004
 
 
 98
 
 
 
 
 7
 
 
 Order
 granting enlargement
 
 
 November 16, 2004
 
 
 116
 
 
 
 
 8
 
 
 Date
 trial court set for ruling
 
 
 November 19, 2004
 
 
 119
 
 
 
 
 9
 
 
 Motion
 to Reconsider Enlargement
 
 
 November 22, 2004
 
 
 122
 
 
 
 
 10
 
 
 Response
 to Motion to Reconsider
 
 
 December 13, 2004
 
 
 143
 
 
 
 
 11
 
 
 Further
 Response to Motion to Reconsider
 
 
 January 13, 2005
 
 
 174
 
 
 
 
 12
 
 
 Letter
 – will grant attorney’s fees
 
 
 January 13, 2005
 
 
 174
 
 
 
 
 13
 
 
 Order
 granting attorney’s fees
 
 
 February 10, 2005
 
 
 202
 
 
 
 
 14
 
 
 Notice
 of Appeal
 
 
 February 11, 2005
 
 
 203
 
 


 

Finality of July 23,
2004

Order of Dismissal

 

This entire appeal hinges upon a single
determination.  Was the “Order of Dismissal” signed July 23, 2004 a final
judgment for the purposes of appeal?

To facilitate the review, we believe it is
important to have the full text of the order.  The full text follows:

ORDER OF DISMISSAL

 

          On the 22nd day of June, 2004, came on
to be heard Defendants’ Motion to Dismiss the above cause of action for lack of
this Court’s Jurisdiction; and the Court, having considered Defendants’ motion
to dismiss, evidence presented, as well as the arguments of counsel is of the
opinion that Plaintiff’s failure to make a bonafide offer to Defendants based
upon the materially greater taking of property rights in Defendants’ property
sought by Plaintiff’s First Amended Petition, the Court finds that Plaintiff
failed to meet the procedural requirements of the Texas Property Code for
invoking this Court’s jurisdiction in an eminent domain proceeding.  It,
therefore, appears to the Court that Defendants’ Motion is well taken and
should be granted.

 

          IT IS, THEREFORE, ORDERED that the
above action be and it is hereby dismissed without prejudice to the Plaintiff’s
right to refile it; that it be removed from the docket of the Court; and, that
all costs incurred be taxed against the Plaintiff.

 

          SIGNED AND ENTERED this 23 day of
July, 2004.

 

Finality Revisited

          The leading case on what constitutes a
final judgment for purposes of appeal is Lehmann v. Har-Con Corp., 39
S.W.3d 191 (Tex. 2001).  It is important, very important, to note that Lehmann
recognizes a distinction between a judgment which is final for purposes of
appeal, but erroneous, and a judgment which is final because it does, in fact,
dispose of all issues and all parties.  A judgment can be final for purposes of
appeal but may not properly dispose of all the claims.

But the language of an order or judgment can
make it final, even though it should have been interlocutory, if that language
expressly disposes of all claims and all parties.  It is not enough, of course,
that the order or judgment merely use the word “final”.  The intent to finally
dispose of the case must be unequivocally expressed in the words of the order
itself.  But if that intent is clear from the order, then the order is final
and appealable, even though the record does not provide an adequate basis for
rendition of judgment.  So, for example, . . . the judgment is final –
erroneous, but final.

 

* * *

If a summary judgment order appears to be final,
as evidenced by the inclusion of language purporting to dispose of all claims
or parties, the judgment should be treated as final for purposes of appeal. . .
. litigants should be able to recognize a judgment which on its face purports
to be final, and courts should be able to treat such a judgment as final for
purposes of appeal.

 

* * *

 

As we have already explained, an order can be a
final judgment for appeal purposes even though it does not purport to be if it
actually disposes of all claims still pending in the case. . . . Also, an order
can be final and appealable when it should not be. . . . Granting more relief
than the movant is entitled to makes the order reversible, but not
interlocutory. . . . the difficulty in determining what does make an order
final and appealable remains.

 

* * *

 

In the past we have tried to ensure that the
right to appeal is not lost by an overly technical application of the law. 
Fundamentally, this principle should guide in determining whether an order is
final.  Simplicity and certainty in appellate procedure are nowhere more
important than in determining the time for perfecting appeal.  From the cases we
have reviewed here, we conclude that when there has not been a conventional
trial on the merits, an order or judgment is not final for purposes of appeal
unless it actually disposes of every pending claim and party or unless it
clearly and unequivocally states that it finally disposes of all claims and all
parties. . . . there must be some other clear indication that the trial court
intended the order to completely dispose of the entire case.  Language that the
plaintiff take nothing by his claims in the case, or that the case is
dismissed, shows finality if there are no other claims by other parties[.]

 

* * *

 

But if the language of the order is clear and
unequivocal, it must be given effect despite any other indications that one or
more parties did not intend for the judgment to be final.  An express
adjudication of all parties and claims in a case is not interlocutory merely
because the record does not afford a legal basis for the adjudication.  In
those circumstances, the order must be appealed and reversed.

 

Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200, 202, 204-206 (Tex. 2001).

 

Lehmann Applied Here

          Because this was not a judgment after
a conventional trial on the merits, we do not presume finality; rather, we
examine the judgment for indications that it disposed of all issues and all
parties.

          First, we note that this suit was not
complicated by third-party defendants, third-party plaintiffs, or interpled
parties.  There was one plaintiff seeking condemnation of property owned by a
married couple – one pair of equally situated defendants.  The defendants moved
for dismissal and attorney’s fees.

          The trial court expressly granted the
defendants part of the relief they requested – dismissal of the “action,” but
did not expressly rule on whether the defendants would be awarded attorney’s
fees.  Dismissal of an “action” is certainly an indication, possibly not
conclusive, of finality.  This order disposed of all the relief requested by
the plaintiff – a complete dismissal of its pending condemnation case, which
was part of the relief requested by the defendants, but the judgment did not expressly
address the defendants’ request for the award of attorney’s fees.  But the
award of attorney’s fees under Texas Property Code Section 21.019(c) is
discretionary.  Thus, the failure to expressly grant or deny the fees
requested, alone, is not dispositive.

          There are two other indications of
finality.  The trial court assessed costs against the plaintiff.  This is only
an indication of finality and, alone, would not be conclusive.

          But any question about the finality of
this judgment, whether it was a ruling on all claims of all parties, is put to
rest by a single phrase.  The trial court expressly ordered “that it [the case]
be removed from the docket of the Court ….”  There can be no question, on this
record, that by the inclusion of this phrase the judgment was final for
purposes of appeal.  And because no post-trial motion was filed that would
extend the appellate timetable, the trial court had no jurisdiction to do anything
after 30 days had passed.  Tex. R. Civ.
P. 329b(g) and (a).

          Haak, however, prevailed on the trial
court to grant a request for an extension of time under Texas Rule of Civil
Procedure 5 in which to renew his request for attorney’s fees and supply the
necessary evidence.  But by the time the motion was filed, the trial court had
already lost jurisdiction.  Thus, at that time, the trial court had no jurisdiction
in this case to grant a request for an extension of time, even if the trial
court could use Rule 5 for that purpose, or grant a request for attorney’s fees
after the judgment had become final.  Even if we construed the late intervening
motion as a request to alter or modify the judgment, these would have been
overruled by operation of law 75 days after the date the judgment was signed.  Tex. R. Civ. P. 329b(c).

          Accordingly, because the trial court
had no jurisdiction to grant a request for attorney’s fees 202 days after the
final judgment, we should vacate the trial court’s February 10, 2005 order
awarding attorney’s fees and affirm the trial court’s July 23, 2004 dismissal
of the case.  Because the Court does not, I respectfully dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed February 7, 2007